# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICARDO E. MARINEZ,

                Petitioner,

v.

WARDEN MICHAEL MEISNER,

                Respondent.

Case No. 21-CV-1471-JPS

**ORDER**

On January 13, 2022, Magistrate Judge Stephen C. Dries issued a recommendation to this Court that this action be dismissed. ECF No. 6. Magistrate Judge Dries's recommendation was based on his finding that the Court lacked subject-matter jurisdiction because the petition was "second or successive" to a 2011 petition that Petitioner filed in the Western District of Wisconsin. *Id.* at 1. Petitioner filed a timely objection on January 24, 2022. ECF No. 7; *see* Fed. R. Civ. P. 72; Gen. L.R. 72(c). On May 27, 2022, the Seventh Circuit Court of Appeals issued an order denying authorization to file a collateral attack. ECF No. 9.

The Court has considered the recommendation and, in light of the Court's agreement with Magistrate Judge Dries's analysis, will adopt it. After Judge Dries issued the recommendation, the Seventh Circuit clearly denied authorization for Petitioner to proceed on this second collateral attack. ECF No. 9. As such, the Court is without jurisdiction to consider the petition and must therefore dismiss it. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) ("In short, [Petitioner] twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of

Appeals . . . Because he did not do so, the District Court was without jurisdiction to entertain it.").

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner is entitled to relief. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's objection, ECF No. 7, to Magistrate Judge Stephen C. Dries's report and recommendation be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries's report and recommendation, ECF No. 6, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.